Great, all right, so we are here with Justice Cobbs calling case number 1-18-2164, the State of Illinois v. Thaddeus Jimenez. Counsel proceed. Hi, as may please the court, your honors, my name is Kieran Weiberg, I'm from the Office of the State Appellate Defender and I'm here today on behalf of Thaddeus Jimenez. Thank you. Mr. Jimenez filed a motion to dismiss the charges against him in this case premised on Illinois' Double Jeopardy statute. Now that motion was premised on the fact that Mr. Jimenez has already been charged, convicted, and sentenced in federal court for federal weapon charges that involve the same conduct at issue here in this case. As your honors are well aware, the issues in the briefing in this case have really resolved down to two points, two requirements for the Illinois Double Jeopardy statute that the defendant had, those being the requirement that the same conduct be at issue in both charges and the requirement that all of the facts necessary to convict on one of the charges also be required in the other. Now as to the conduct argument, that first point, your honors, we have argued in our briefs that that is affirmatively waived and the state has not offered any particularly good reason to forgive or overlook that waiver. However, waiver aside, that argument is also meritless, your honors. What the state is seeking to have this court do is to subdivide this single act, the single conduct of possessing a weapon, one person possessing one weapon, into several different temporal units. So we have the conduct of the defendant possessing the weapon prior to firing it. We have the conduct of the weapon being possessed while it's being fired. Presumably then we have the conduct of the weapon being possessed after it was fired. But both this court and the Supreme Court have already rejected attempts to subdivide continuous acts such as possession in this way because it leads to absurdity. One could readily imagine the person who was charged with 60 counts of unlawful use of a weapon for possessing the same gun for one minute with a count for every second involved. And for those reasons, and based on the precedent both from this court and the Supreme Court, that is an argument that should be rejected. And this brings us to what we really believe is the heart of the issue in this case, which is the requirement that all of the facts necessary to conviction on one of the charges also be required in order to achieve conviction on the other. And your honors, on that point, the state has offered two facts which they maintain and distinguish these charges and allow this prosecution to go forward. However, neither one of those facts really has anything to do with the conduct that is at issue here. And that is the focus of the statute. The purpose of the statute is to prevent a successive prosecution here in Illinois for conduct that the defendant has already been prosecuted for in another jurisdiction. Now the first fact that the state proposes here is the fact that the weapon at issue moved in interstate commerce. That is a requirement that has to be proven for the federal gun charge that does not have to be proven for the state charges at issue here. However, that is a fact that has to do with jurisdiction. That is a fact that concerns the federal court's power to bring charges. And jurisdiction is an inherent element of every prosecution, be it federal or state. As we discussed in our briefs, if you are going to prosecute someone for an offense in Wisconsin, you have to prove that the offense took place in whole or in part of Wisconsin. If you are going to prosecute someone for an offense in Illinois, you have to prove that the offense took place in whole or in part in Illinois. If the original facts, the things that simply give that governing body the ability to prosecute were sufficient to distinguish charges for the purposes of this statute, the statute would be self-nullifying. There is no set of prosecutions to which it could ever apply because no matter what, the whole statute is written to apply to prosecutions that took place in a different jurisdiction. That jurisdiction always requires proof of a different fact than is required here in Illinois. So, this would render the statute totally self-nullifying and couldn't apply to anything, which is certainly a result that the courts have generally been unwilling to count. The second fact that the state raises on this point is the fact that Thaddeus Jimenez was previously a felon or is a felon. He has the status of being a felon. However, like the jurisdictional fact we just discussed, this is a fact that has nothing to do with the conduct that Mr. Jimenez is being charged with. The conduct, what he did, which is what the statute is concerned with, is that this particular person, Thaddeus Jimenez, possessed this particular gun. That doesn't have anything to do with the historical fact that at one time he happened to have been convicted of a felony. The Supreme Court, the Illinois Supreme Court, has been very clear. Being a felon is not an act. It is a status. It is a historical fact about you, much like the fact that the gun at issue, once moved in interstate commerce, is simply a historical fact about that gun that has nothing to do with the conduct at issue. Your Honors, if we find ourselves trying to travel down this road of trying to figure out which of these status facts count and which don't, we soon find ourselves in an intractable situation. We know that jurisdictional facts cannot make the difference, because if they did, the statute would have no application. But there is no clear or logical distinction between these sorts of jurisdictional facts, like the fact that the gun moved to interstate commerce, or a status fact about the defendant, like the fact that he is a felon. Either way, it has nothing to do with the conduct at issue, and conduct is what the facts are. And so, Your Honors, we believe that if we follow the state's test, we simply have an unworkable situation where we cannot determine what facts count and what facts don't for purposes of the Illinois Double Jeopardy Statute, and we very well end up in a situation where it cannot apply to anything. But Your Honors, aside from being, we believe that this is the interpretation that is both required by the statutory language and by common sense, and that allows the statute to function in the way it's intended to function, it also deserves note that this does not present any particularly great burden on the state. The state had all of the power here. They had Mr. Jimenez in custody. They are not required by law to turn him over to the federal authorities. The state could have prosecuted him, taken him to trial, maybe convicted him. And after that, if they had wished to, and if the federal government still wished to press charges, they could have sent Mr. Jimenez to the federal government, where they could have tried him, because of course the Illinois Double Jeopardy Statute cannot prevent a federal prosecution. It can only prevent an Illinois prosecution. So this was entirely within the state's power. They could have gone ahead and gone to trial with Mr. Jimenez and then let him face federal charges later. But they didn't do that. And as a consequence of them not doing that, they sent him, they chose to send him to federal court where he entered a guilty plea. And as a part of his guilty plea in federal court, he admitted to every single element of the charges that the state now attempts to bring against him. Every single bit of that is a part of the record in his federal guilty plea, meaning that if he is faced to force federal charges now, despite the state having already sent him to face charges for the same conduct in federal court, he is basically without a defense. As a part of his federal plea, he admitted to everything, and he is left with very little in the way of defense now. So, your honors, for all of those reasons, we would ask this court to just go ahead and dismiss the charges against Mr. Jimenez outright. And I'll take whatever time I have left to do my best to answer whatever questions your honors might have. Thank you, Justice Krabs. Thank you, Mr. Wilberg. Wilberg, is it, excuse me, is it your position that, just following up on your status argument, is it your position that there would need not be any proof that Mr. Jimenez was a convicted felon? Is that your position? In which? In the federal charges or in the state charges? In the federal charges. No, of course, the federal charges were required to prove that Mr. Jimenez was a felon, yes. Okay. So, but that's not an element in the state charges? No, it's not an element, but it's not, our argument is that it is a fact, but it is not a fact that has anything to do with conduct, which is what the statute is concerned with. Much like the jurisdictional fact that the weapon happened to move in interstate commerce, the fact that Mr. Jimenez happened to be a felon does not, is not relevant to what he did. It is simply a historical fact about the defendant. What are we to make of the four separate elements under the state's code, which incorporates both conduct and element and both a fact or an element as another factor in the code? What are we to do with that? Because clearly the state statute requires or doesn't regard your status argument as being dispositive. Well, actually, your honors, with all due respect, I disagree that it does not regard that argument as being correct. In point of fact, the statute itself is written to be concerned with conduct. And we do have two separate questions that have to be asked there in the third and fourth requirements. One, was this the same conduct at issue here? Are we talking about the same transaction, the same events? However, then there's a question of what facts are required to be proven about that conduct in each case. And one can readily imagine many circumstances in which you have facts that do directly relate to the conduct that would distinguish these things for purposes of a double jeopardy analysis under this statute. For example, you can imagine a person who say the defendant took a victim, threw them in the back of the car. They hit their head in the back of the car, and then they drove them across state lines. Now, the federal government could charge that person with kidnapping and could prosecute them for that because they illegally transported a person against their will. Equally, having faced those charges, the state could go ahead and charge that person with aggravated battery because they caused bodily harm to someone. Now, we're talking about the same conduct here, the conduct of taking someone, throwing them in the back of a truck, and driving them across state lines. We would all agree that that is the same course of conduct. But there are facts about that conduct. What we are prosecuting the defendant for in each instance is different. In the first instance, we are prosecuting them for transporting someone illegally against their will. In the second instance, we are prosecuting them for causing bodily harm to someone. So, although they involve the same conduct, we are looking at different aspects of that conduct in those two different charges. And that would be, in our opinion, an example of a situation where the Illinois double jeopardy statute would say, that's fine. You have different facts about the conduct at issue that separate what we're prosecuting you for in each venue. I guess I'm just confused because it seems to me that you're arguing really just conduct and you're not really arguing elements. I'm hard pressed to conclude that in the one prosecution, you wouldn't have to prove that he's a prior felon. And then in the other prosecution, I don't know how we get around that element in the state provision. I just don't see how we get around that one. Even if we can accept your same conduct, we still have the fourth element in that statute, which requires proof of different facts. Yes. And if I may, I'd like to clarify one point there. The statute does not speak in terms of elements. It speaks in terms of facts and facts that have to be proven. And that is a distinction. As we pointed out in our briefs, the Illinois legislature is very well capable of addressing when they're concerned with elements of an offense. If we look at, for example, I'm sorry, could you just repeat that last those last two sentences because you blacked out for a few seconds. Oh, I'm sorry. Yeah. What I was going to say is the statute does not speak of elements. The statute speaks of facts. It refers to conduct and then it refers to facts that need to be proven. It does not directly refer to elements. And when the state legislature wants to address questions about whether a foreign statute requires the same elements as a statute here, they do so and they do so directly. If we look at some of the sentencing statutes, they will refer to an offense from any jurisdiction which has the same elements of an offense here in Illinois. The legislature didn't do that here. They spoke in terms of the facts. And as we, as I argued earlier, the problem with assuming that something like felon status or anything else automatically disqualifies this application is that there is no logical distinction between a felony status and the fact that a gun moved in interstate commerce, a jurisdictional fact, the fact that an offense occurred in part in Illinois or that it occurred in part of Wisconsin. So if we embrace a strict element. If we buy your argument, don't you just render one of the factors in the statute superfluous? Facts versus conduct, are you suggesting to us that they are the same? No, not at all, Your Honor. As I said, one can- You meant by the word fact. Yes. It didn't mean element. No, it does not. Because there is a difference between a statutory element and a fact about conduct. So they're talking about conduct in the fourth element? Doesn't that render it- Yes. No, Your Honor. As I was just explaining, there are many circumstances in which we could imagine that there are facts about the conduct at issue that are different in one prosecution than in the other. Again, to take the kidnapping and battery example. We have facts about the conduct, about what the defendant did. It's the same conduct, but we are addressing different facts about that conduct. And under those circumstances, the Illinois double jeopardy statute would pose no bar. However, here, the facts that the state is attempting to rely on, the fact that the gun moved in interstate commerce, and the fact that Mr. Jimenez was once convicted of a felony, are simply not relevant to the conduct that is at issue in this statute. And if we follow that distinction, the statute cannot apply, because the statute is intended to apply to prosecutions that occur in foreign jurisdictions. Every prosecution in a foreign jurisdiction requires proof of at least one fact that is not required to be proven here in Illinois, which is the fact that that jurisdiction, in fact, had jurisdiction. So if we look purely to elements, we're left with an unworkable circumstance. Whereas, if we follow the conduct that is the chief concern of the statute, and we look at facts that are relevant to that conduct, we find ourselves with a test that can actually both allow the statute to function, but also allow prosecutions in circumstances where we are dealing with reasonably different offenses and reasonably different concerns in each prosecution. I guess I'm just stuck on the use of the legislature's words, proof of every required fact. What is a required fact, if it's not an element? Well, again, Your Honor, our position is that a required fact in this instance is a fact about the conduct that the statute is concerned with, because the legislature clearly would not write an entirely self-nullifying statute. That would serve no purpose. I have no further questions, Justice. Thank you. Can we agree that there are situations in which a status can also be a fact? For example, a statute could require the status of felon, but that could also be a fact, that this person, this defendant, is a felon. Oh, yes. We certainly agree that that is a fact, yes. Okay. And can we agree that a fact could also be an element in a particular statute? Yes. Okay. So I guess I'm taking a different tack than my colleague. I'm looking at this and saying, okay, fine, the federal government proved the elements of its case, and its case included that this defendant needed to be a felon. But unless I'm missing something, the aggravated battery with a firearm and the attempted first-degree murder statutes in Illinois do not require that he be a felon. So we've been talking about this felony status for 10 minutes, and it's really irrelevant to the Illinois charges. Is that a correct statement? Well, yes, it is irrelevant to the Illinois charges, but that is precisely why it is an issue. The federal government has its set of elements, which may or may not be also facts, but Justice Cobbs and I are, I think, leaning in the position that a fact is an element. If you're required to prove it, it becomes an element of the charge. So Illinois, for the aggravated battery with a firearm, has certain elements that it needs to prove. For example, just for aggravated battery with a firearm, discharge of the firearm. Federal government didn't need to prove that. It wasn't in their case. They didn't care. Now, the fact that he may or may not have admitted to it when he was in federal court, that's not really the state's problem. The state's problem is how can they prove it? Maybe he was overenthusiastic in federal court. I have no idea why he would do that. But if he admitted to discharging a firearm in federal court, it still doesn't stop the state from charging him with an aggravated battery with a firearm, which requires discharge of that firearm. It also requires causing an injury to another person. That wasn't an element in the federal case. So there are two different, when you line them all up side by side, they're really entirely different facts or elements that are required for the state and for the federal government. So, of course, if you look at it that way, the state has every right to bring these cases in state court. Your Honor, if I may, just to clarify a couple of things about our position. First of all, nobody disagrees that the state charges require proof of facts that weren't required as part of the federal charges. I think what I'm hearing from you is, and maybe I'm wrong, is that because the federal government wasn't required to prove these things, but he admitted to them that now the state is foreclosed. No, Your Honor. If I've been unclear, let me clarify that. The reason that we believe, the reason that I mentioned the fact that he did admit to all of these things in the federal charge is simply to emphasize the fact that Mr. Jimenez has been prejudiced by the state's choices in this case. That does not go to the, that does not go specifically to the question of whether the prosecution itself is in fact barred under the statutory language, because we contend that the reason the prosecution is barred under the statutory language is because the fact that the two, the facts about conduct that are relevant to the federal. I'm sorry to interrupt you, but you keep saying conduct as though that's a magical thing that's going to get him off the hook here. And when we, when you're talking about conduct, you're actually talking about what he did. Did he discharge a firearm? Did he cause injury to another person? That would be conduct. And in your case, what you're saying is, oh, well, he's on top of that. No problem. And we're saying, no, no, those are elements of the Illinois case that the state is going to have to prove. So you're saying it's all the same conduct because he possessed a gun. Well, anybody can hold a gun and possess a gun, but that doesn't mean that they discharged it. That doesn't mean that they hurt anybody. So in Illinois, they require the charges that they've laid require more elements, more facts, more conduct. And to me, they appear to be just about the same thing. OK, so allow me to clarify, then, because it appears that I've been a little bit unclear in some of what I've said. Again, we do not dispute that proof of the state charges requires proof of facts that are not required for the federal charge. However, that's not enough to satisfy the statute. Under the statute, the prosecution is barred if all of the facts that are necessary to one of the charges are also necessary to the other. Our argument is that all of the facts about the conduct that are issue in the federal charges are also required to be proven as part of the state charges. The state cannot prove that Mr. Jimenez fired a gun unless they prove that he possessed that gun. They cannot prove that Mr. Jimenez attempted to shoot someone by shooting them with a gun unless they proved that he, in fact, possessed that firearm. Those are the relevant facts of the federal charge. Those are the facts about conduct that were at issue in the federal charges. And the state is required to prove every single one of them in order to prove all of the charges here. OK, we're in the aggravated battery with a firearm statute 5 slash 12 dash 3.05 paragraph e paragraph one. Do you see possessed a firearm? Your Honor, it's not in the statute, but this is also why we think it's important to look at the use of the firearm. The ag bet with a firearm is a use of the firearm. But it is not possible to use a firearm if you don't possess it. If you're not holding a firearm, you can't use it. You're saying that because the federal government proved he possessed it, that forecloses every other element of the Illinois statutes from coming into play because he's already been tried and found guilty of owning a firearm. Not of owning a firearm, of possessing a firearm at this particular time during these particular events. These are the charges that were laid against him. OK, do you have anything else you want to add before we move on? Not at all. Thank you, Your Honor. Thank you. All right. Miss Malivia. Good morning, Your Honors. Counsel, may it please the Son of a Court. I am Assistant State's Attorney Veronica Malivia representing the people of the state of Illinois in this case. Your Honors, defendant does not dispute the fact that the separate sovereigns doctrine is a broad exception to the double jeopardy clause because it gives the states the right to enact their own laws and to prosecute offenders without violating double jeopardy. The plain language of Section C1 reveals that our legislature intended to establish a very narrow exception to the separate sovereigns doctrine. But it clearly did not intend to prevent Illinois from prosecuting more serious crimes committed against the citizens. Here, defendant was found guilty of the federal offense of UUW by a felon. While Section C1 prohibits the prosecution of Illinois' UUW by a felon, it does not prohibit the Illinois prosecution for attempt murder and aggravated battery as defendant claims. Defendant is wrong because he relies on an overly broad and incorrect interpretation of Section C1. Under Section C1, defendant must meet four requirements before he will bar prosecution of a crime. The people agree that defendant has met the first two conditions. The federal case was a former prosecution and it resulted in a conviction, but he has not met the third and fourth requirements. The federal and state prosecutions do not involve the same conduct and each prosecution requires proof of a fact not required by the other. Your Honor, like any other double jeopardy claim, the starting point of the analysis is to look at the underlying offense of the former prosecution and compare it to the state offenses. The elements of the federal crime here are that defendant had a previous felony conviction, that defendant possessed a firearm, and that the firearm traveled or affected interstate commerce. So the conduct in the federal offense is possession of a firearm and nothing else. The state charges are not the same conduct, Your Honor, in law or in fact. The state charges, as pointed out, are entirely different. The underlying conduct in attempt murder is using the firearm with intent to kill. The underlying conduct in the aggravated battery of a firearm is discharging the firearm and causing injury to another. So the federal offense and the state charges do not involve the same conduct in law, nor do they in fact. Defendant was in possession of the firearm before his encounter with Mr. Castile, the victim in this case. So the federal offense was completed before the shooting and the federal offense was not dependent on the on the act of the shooting the victim while the state charges were. In his briefs and similar today, defendant points out that the fact that the evidence of the shooting was admitted at the federal guilty plea and sentencing hearing and that it increased his sentence somehow makes it the same conduct. However, Section C1 only refers to a conviction and acquittal in a prosecution. It doesn't address sentencing to the sentencing phase at all. So that argument is in conflict with the plain language of the statute and it falls outside its scope. You know, there's the people acknowledge that below they conceded that the same conduct requirement was met. But this court is not bound by an erroneous concession and a stop was not a valid reason to disregard the people's argument on appeal. We're not asking for more relief. The people are just asking that the trial court's judgment be affirmed. And this court's interest in establishing correct precedent is paramount. That's why de novo review is applied to legal issues. And that's why an appellee could point to any basis in the record to support a judgment. So based on all these reasons, the people asked this court to find that the same conduct requirement was not met here. Nor did defendant meet the fourth requirement because each prosecution require proof of a fact not required by the other. In federal court, the prosecutors were required to prove beyond a reasonable doubt that defendant had been previously convicted of a felony and that the gun traveled in interstate commerce. These facts are not required to be proven in Illinois attempt murder and aggravated battery with the firearm charges. These Illinois charges also have facts that were not required to be proven for the federal offense. Again, attempt murder requires proof that defendant had a specific intent to kill and that he took a substantial step towards killing the victim. Aggravated battery with a firearm requires that defendant knowingly discharge a firearm and cause an injury to another. Since both prosecutions require proof of a fact not required by the other, section C1 does not prohibit an Illinois prosecution of attempt murder and aggravated battery. Well, with respect to the federal gun offense, defendant argues that under the fourth requirement, this court should not consider the fact that the prosecutors had to prove the jurisdictional component that the gun traveled interstate commerce and the criminal status that defendant was a convicted felon. And again, defendant seems to argue that these facts were not part of the underlying conduct and therefore should not be considered. Your honors, in making this argument, defendant conflates the same conduct requirement with the proof of required fact requirement. Defendant disregards the fact that the proof of required fact language qualifies the same conduct requirement. In other words, once a court finds that the same conduct is involved, it has to determine if each prosecution has to prove a required fact not required in the other. So it doesn't matter if these facts were a jurisdictional component or criminal status because they are included in the definition of the federal offense and had to be proven at trial. Nevertheless, defendant argues that the jurisdictional component should never be considered as part of a required fact because federal and state prosecutions will always have different jurisdictions. So according to defendant, section C1 would be nullified. Your honors, defendant is wrong. Unlike federal offenses, which often include a jurisdictional component as an element of defense that has to be proven at trial, Illinois offenses do not. In Illinois, the venue of a crime is not part of the definition of any offense in the criminal code, and it doesn't have to be proven at trial. In fact, it is something that is resolved pre-trial. So for example, in this case, although the federal UUW by a felon offense contains additional required facts, including a jurisdictional component, the Illinois version of the offense does not. So the fourth requirement was met and the trial court properly dismissed the state charge of UUW by a felon. Your honors, the legislature was aware that the fourth requirement in section C would narrow its scope, but it still provides some protection. Had the legislature intended a broader protection that just focused on conduct, it could have easily done so. In fact, the legislature has achieved that result in two other double jeopardy provisions found in the Cannabis Control Act and the Controlled Substance Act. In these statutes, the legislature eliminated the fourth requirement, which requires proof of required fact and provides protection for the same act. In contrast, section C's proof of required fact language reveals that the legislature indeed intended to carve out a very narrow exception to the separate sovereigns doctrine, which would still permit the state to prosecute more serious offenses. Your honors, the trial court properly refused to dismiss the attempted murder and aggravated battery with the firearm charges because the defendant failed to meet the last two requirements in section C1. So based on these reasons stated today and those in our brief, the people asked this court to affirm the partial denial of defendant's motion to dismiss and remand the cause for further proceedings on attempt murder and aggravated battery with firearm. Thank you. Justice Cobbs? Just one question, really. Your colleague, Mr. Wiburg, argues that the use of the term required fact is not synonymous with the use of the word or the term element. You obviously disagree with that. Can you speak to that at all? Sure. I think an element is always a required fact that has to be proven at trial. Now, whether a required fact could be expanded to something other than the element, maybe in some situation, yes. But in this situation, you can't argue that the jurisdictional component and the criminal status were facts that the prosecutor in the federal court had to prove beyond a reasonable doubt at trial. So, in other words, an element will always be a required fact. Will a required fact always be an element? That question, you know, I'm thinking of Pippa v. Porter. In Pippa v. Porter, the issue there was whether one of the facts discussed in the charge, in the charging instrument in federal court, was a required fact or not. And how they determined that it was not a required fact, which was the murder of the victim, which was subject to the state prosecution. They looked at the fact and determined whether or not it needed to support an element of the fence. And they found that it didn't, that basically, although it was charged, the federal prosecutor didn't need it to support an element. So that case would indicate that a required fact is an element. I don't think there is any Illinois case that interprets a required fact that's not an element, to my knowledge. Okay. How about conduct? Can conduct be an element? Well, conduct is determined by looking at what the former prosecution, what was charged there. You have to look at the conduct that was subject of the former prosecution and compare it to the state prosecution. And over there, here in this case, it was possession of a firearm, which is an element. In the federal case. In the federal case. And here, the conduct at issue, and all the elements speak to the conduct at issue, was not possession. It was the use of the firearm and the cause and the injury it caused. Well, what about counsel's argument that you can't prove he used a firearm unless you can prove that he possessed a firearm? I think counsel conflates the same conduct with the required fact. The conduct that is issued in federal court is possession of a firearm. And the conduct at issue at the state court is attempt murder and aggravated battery that's using the firearm, not just possessing it. And then in fact here, the conduct is different. And then the fact here, the defendant possessed the conduct, it was videotaped, it possessed the gun, you know, before encountering Mr. Castile and shooting him. So they're separate in fact too. And it's important to remember that the statute says same conduct. It doesn't say same course of conduct. It just says same conduct. All right, but could you prove that he used a firearm, discharged the firearm, without also demonstrating that he possessed it at the time? That's what counsel is arguing, that it's already been done. I mean, it's a different offense. The question though here is, is it the same conduct? And you also have the fourth requirement too. Are there other facts that need to be proven? I think he conflates the two issues. So if this court believes it's the same conduct, he can't meet the fourth requirement because each prosecution had facts to prove that the other one didn't. For example? For example, in the federal prosecution, they had to prove that the defendant had a previous felony conviction and that the gun traveled in interstate commerce. The gun that he possessed traveled in interstate commerce. They had it to be proven at trial beyond a reasonable doubt. Okay. And in the ag bat with firearm in Illinois? They had to prove that he normally discharged the firearm and caused injury to another. In the time murder, the state has to prove that defendant had a specific intent to kill the victim and that he took a substantial step. Okay, thank you. Counsel, rebuttal? Mr. Weber? Thank you, Your Honors. Just briefly. Oh, wait, I'm sorry. Justice Kibbs, did you have any other questions of Ms. Malavia? No, thank you, Justice Jensen. Sorry. Just a couple of quick points regarding the state's argument. First of all, the state maintains that under their reading, the statute still provides some protection. It's just narrow. That is simply demonstrably untrue. The fact of the matter is, as this court stated in Say People, Be Choked, jurisdiction is required to be proven in every criminal prosecution, be it here or anywhere else. That means that in every criminal prosecution that takes place in Illinois, you have to prove Illinois jurisdiction. And in every criminal prosecution that takes place somewhere else, you have to prove jurisdiction there. If, as the state maintains, a simple abstract elements test controls this, and it's simply a question of anything that has to be proven distinguishes the two, then there are literally no two offenses. Somebody could pick up a weapon, walk across the state line between Illinois and Wisconsin, and set the weapon down. And you would have distinguishing there because Wisconsin would have to prove that he possessed the weapon for a moment in Wisconsin, and Illinois would have to prove that he possessed the weapon for a moment in Illinois. There is simply no set of offenses to which this statute could apply if the state's argument is correct, and this court has long refused to endorse an interpretation of a statute that would render that statute meaningless. This is why, as we have argued, we have to look, the state is quite correct that the fact discussion does indeed qualify conduct. And what is at issue in these cases is whether the same conduct was involved, and it was, it was the same weapon being possessed the entire time, one continuous act of possession. And then whether there are any facts relevant to that conduct that separate the two. And neither the jurisdictional requirement, nor the felon status has anything to do with the conduct that issue here. And if those facts count, the question we're left with is where could this statute ever apply under what possible circumstances. Could a prosecution be barred under this statute and thus far. There has been no example of a circumstance in which that could happen. That is why we propose a simple conduct based test, where the facts relate to the conduct, you have separate, you have a distinction and for and subsequent prosecutions may occur, where the facts do not relate to the conduct and they merely relate to status, then you do not have a distinction and prosecutions bar. Well, just to your point about the felony the felony is a specific requirement in the, in the federal prosecution. Yes, wasn't a status it was a requirement he was been convicted in any court of basically a felony. So, they had to prove that he was a prior hit a prior felony, they couldn't just yet. So it's, it because it was also his status, it couldn't be an element. No, we're saying because it was not because it was a status it's not conduct. It is not relevant to conduct, as the Illinois Supreme Court has said, being a felon is not an act it's not conduct it's not something you do it's a status it's a state of being, it's a fact of who you are and something that happened historically. Okay, but the fact remains that whether or not he was a felon has nothing to do with to Illinois statutes that issue. They don't require any felonies, any felony conduct any felony status, any felony element any any anything about felonies. So, okay so the federal government had to prove something that the state doesn't have to prove and the state has to prove something that the federal government didn't have to prove. Would that about sum it up, except for the fact that what the federal government had to prove has nothing to do with the conduct that issue and as already argued, if that is sufficient, the statute has no application, it is a self nullifying statute. Okay. All right. Thank you. Thank you both very much justice cuts do you have anything. No, thank you, just chance to thank you counsel. Okay, thank you counsel for excellent briefs and a very exhilarating discussion in order to that we appreciate the time that you put into it, and we will issue an opinion or an order forthwith, and with that, this case court is adjourned. Thank you.